IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK JOHNSON**                                                                                    **PLAINTIFF**

**vs.**                                                       **CIVIL ACTION NO.: 4:21-CV-120-M-DAS**

**CLARKSDALE PUBLIC UTILITY
AUTHORITY; FREDDIE DAVIS, JR.;
JAMES HUMBER; GEORGE MILLER,
SR.; and DONALD MITCHELL**                                          **DEFENDANTS**

## ORDER

Before the Court are the following motions: Defendants' Motion to Dismiss [11], Plaintiff's Motion for Extension of Time [22], Defendants' Motion to Strike Amended Complaint or, Alternatively, Dismiss [27], and Plaintiff's Motion for Leave to File Surreply [41].

Defendants' Motion to Dismiss [11] seeks to dismiss Plaintiff's original complaint. Defendants' Motion to Strike or, Alternatively, Dismiss [27] seeks to dismiss or strike Plaintiff's Amended Complaint [20]. Since the filing of these motions, Plaintiff has filed a second Amended Complaint [43] following the Court's Order [42] granting Plaintiff's Motion to Amend [25]. The Defendants' pending Motions to Dismiss/Strike [11, 27] have been rendered moot by the subsequent filing of the Plaintiff's second Amended Complaint. *See generally Ware v. Sailum Co., Ltd.*, 2017 WL 50806, *2 (N.D. Miss. Feb. 23, 2017). "[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Ellis v. Lowndes County*, 2017 WL 4678222, *1 (N.D. Miss. Oct. 17, 2017) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). "Accordingly, when a motion to dismiss has been filed against a superseded

complaint, the proper course ordinarily is to deny the motion to dismiss as moot." *Id*., *see Reyna v. Deutshe Bank Natl. Tr. Co.*, 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (collecting cases).

Plaintiff's Motion for Extension of Time [22] is therefore also moot in light of the Court's present Order and the second Amended Complaint [43] becoming the operative complaint of this case.

Plaintiff's Motion for Leave to File Surreply [41] asserts that Defendants raised an entirely new legal argument in a reply brief in support of their Motion to Dismiss [40]. Plaintiff states that a surreply limited to the new legal arguments is needed to give the Plaintiff the ability to respond. While the Defendants have indicated they intend to oppose this motion, the Court finds the issue moot due to the filing of a second Amended Complaint and the Court's finding the previous Motions to Dismiss/Strike [11, 27] moot. Should the situation arise again where Plaintiff believes a surreply is needed, another motion should be filed at that time.

For the reasons set forth above, the Defendants' Motion to Dismiss [11] is **DENIED AS MOOT**; the Plaintiff's Motion for Extension of Time [22] is **DENIED AS MOOT**; the Defendants' Motion to Strike Amended Complaint or, Alternatively, Dismiss [27] is **DENIED AS MOOT**; and the Plaintiff's Motion for Leave to File Surreply [41] is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 13th day of April, 2022.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**