IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK JOHNSON**                                                                             **PLAINTIFF**

**vs.**                                          **CIVIL ACTION NO. 4:21-CV-120-MPM-DAS**

**CLARKSDALE PUBLIC UTILITIES
COMMISSION; GEORGE MILLER; and
DONALD MITCHELL**                                              **DEFENDANTS**

## ORDER GRANTING MOTION TO STRIKE
## PLAINTIFF'S EXPERT WITNESS DESIGNATION

Defendants Clarksdale Public Utilities, George Miller, and Donald Mitchell ("defendants") have filed a Motion to Strike Plaintiff's Expert Witness Designation. Docket 76. The defendants argue that the plaintiff failed to comply with the discovery requirements under Federal Rule of Civil Procedure 26(a)(2)(B) and (C) with respect to the proposed expert testimony of the plaintiff's treating physicians Dr. Max Capouano and Dr. Thang An. *Id*.

The plaintiff's designation states that both physicians "may call upon [their] professional knowledge and expertise to provide opinions about the impacts of the plaintiff's work experience on the plaintiff's health." Docket 76-1. The defendants maintain that to the extent these experts rely on "sources other than those arising from treatment" in forming their opinions, a formal expert report is required under Rule 26(a)(2)(B). Docket 77 (quoting *Baptist Mem'l Hosp.-Golden Triangle, Inc.*, No. 1:20-CV-112-SA-DAS, 2022 WL 16727126, at *4 (N.D. Miss. Nov. 4, 2022)). Alternatively, if Rule 26(a)(2)(C) applies, the defendants contend the plaintiff's designations are deficient because they lack "a summary of the facts and opinions to which the witness is expected to testify." *Id*. (quoting Fed. R. Civ. P. 26(a)(2)(C).

The defendants further represent that the plaintiff did not identify Dr. Capouano or Dr. An in his initial disclosures or interrogatory responses, nor has the plaintiff produced any

medical records corresponding to his medical treatment. Docket 77. While the Case Management Order states "Plaintiff must execute an appropriate, HIPAA-compliant medical authorization," the defendants maintain the plaintiff objected in his discovery responses to providing same. *Id*.

In his response, the plaintiff states Dr. Capouano and Dr. An have been designated as non-retained treating physicians and are "primarily 'fact witnesses concerning the information [they] gathered during [their] treatment of the plaintiff' who will only offer expert testimony pertinent to that treatment 'in the course of this fact testimony.'" Docket 81 (quoting Docket 76-1). The response also states the defendants have "full access to these physician's records via a medical waiver" (which the defendants' reply brief acknowledges was received on November 30). Docket 81 at 1; Docket 85 at 2. The plaintiff contends the designations are sufficient because detailed information is not required for non-retained experts since their testimony is limited to what is contained in their medical records; however, they agree to supplement their designations "to identify the pages and items in medical records which will be the subject of questioning concerning the doctors' medical opinions."[1] Docket 81 at 2.

The defendants' reply brief reiterates their position that, under Rule 26(a)(2)(C), the "designations fall dismally short" for their failure to detail the dates of the plaintiff's treatment, the facts upon which the experts are expected to testify, or their actual or expected testimony or causation opinions. Docket 85.

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert

---

[1] The Docket does not reflect that the plaintiff's expert designations have been supplemented. *See* Docket.

testimony must provide a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). If the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be made and supplemented in the time and sequence ordered by the Court. Fed. R. Civ. P. 26(a)(2)(D)-(E). A party's failure to do so is "grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2).

Rule 26(a)(2)(A)'s designation requirement applies to all testifying experts, including treating physicians. *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-83 (5th Cir. 2004)). A treating physician may testify as a non-retained expert witness – and need not provide an expert report – provided the physician's testimony is "confined to facts disclosed during care and treatment of the patient," including his diagnosis, the causation of a plaintiff's injuries, and the plaintiff's prognosis. *Id*. In this context, the treating physician's opinions must be based on their "personal knowledge and observations obtained during the course of care and treatment." *Id*. (quoting *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)).

Because Dr. Capouano and Dr. An are not "retained or specially employed," formal expert reports under Rule 26(a)(2)(B) are not required. However, the local rule requires at least some explanation concerning the designated experts' testimony. Local Uniform Civil Rule 26(a)(2) provides

> [a] party must designate physicians […] who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses but the must disclose the subject matter on which the witness is expected to present evidence under

>Fed.R.Evid. 702, 703 or 705, and *a summary of the facts and opinions* to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U.Civ.R. 26(a)(2)(D) (emphasis added).

Here, the plaintiff's expert designation identifies Dr. Capouano and Dr. An as "treating physicians" who will testify about "the plaintiff's medical condition." Docket 76-1. The designation appears to limit their respective testimony to "the information [they] gathered during [their] treatment of the plaintiff;" however, it goes on to state that both physicians will offer "testimony about the psychological, mental, and emotional impact of the events alleged on the plaintiff […] including diagnosis, etiology, symptomology, treatment, and *related information and opinions*, including reasonable inferences arising therefrom." *Id*. (emphasis supplied).

Foremost, neither of the designations provide any of the facts related to Dr. Capouano's or Dr. An's treatment of the plaintiff but instead state without additional detail that they "provided medical care to the plaintiff." What type of treatment was provided? When and for how long? Moreover, what opinions were formed during the scope of this unspecified treatment? While the designations state Dr. Capouano and Dr. An may "provide opinions about the impacts of the plaintiff's work experience on the plaintiff's health," no opinions are provided beyond broad subject-area recitations of "diagnosis, etiology, symptomology, treatment." *See Doss v. NPC Int'l, Inc.*, No. 4:09-CV-38-MPM-DAS, 2010 WL 2900422, at *2 (N.D. Miss. July 20, 2010) ("The rule mandates *opinions*—not the subject matter of opinions.").[2]

A designation is not sufficient when it provides that Dr. Capouano and Dr. An will testify regarding the "psychological, mental, and emotional impact of the events alleged on the

---

[2] *See also*, *Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 WL 5185055, at *2 (S.D. Miss. Dec. 16, 2010) (holding that a designation referencing attached medical records, without summarizing any of the treating physicians' opinions, was inadequate). Here, it is not clear that even the medical records about which the experts intend to testify have been produced.

plaintiff" without identifying the experts' opinions as to what those impacts, if any, are. The court appreciates that the local rule requires only a "summary" of the facts and opinions held, but the plaintiff has not made a satisfactory showing of either.

Finally, under Local Uniform Civil Rule 26(a)(2),

> [a] party must make full and complete disclosure as required by FED.R.CIV.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no later than the time specified in the case management order by serving the disclosure on all counsel of record and concomitantly filing a Notice of Service of Expert Disclosure with the court. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.

L.U.Civ.R. 26(a)(2). The Rule continues "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court." L.U.Civ.R. 26(a)(2)(B). The plaintiff's expert designation deadline was October 19, 2022. Docket 66. The expert designations of Dr. Capouano and Dr. An did not comport with Local Uniform Civil Rule 26 and are stricken.

Finally, the requirement to provide "a summary of the facts and opinions to which the witness is expected to testify" applies only to witnesses who are called to offer *expert* testimony. *Moore v. Lipscomb Oil Co.*, No. 3:13-CV-267-MPM-SAA, 2015 WL 1037654, at *2 (N.D. Miss. Mar. 10, 2015). A treating physician who has not been designated as an expert but has been properly identified as a witness may testify as a fact witness but may not express opinions not contained in the plaintiff's medical records. *Doss v. NPC Int'l*, 2010 WL 2900422 at *3 (limiting testimony of treating physician because designation of physician as expert failed to comply with requirements of L.U.Civ.R. 26), citing *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06CV207-P-D, 2007 WL 3094894 (N.D. Miss. Oct. 19, 2007) (without an expert report, the treating physician's testimony was "limited to those facts and opinions contained in [the] medical

records"). To the extent Dr. Capouano and Dr. An are properly identified as witnesses in this case and their records are produced in discovery, their testimony is limited to the facts and opinions contained therein.

**SO ORDERED,** this the 28th day of December, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**