IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK JOHNSON**                                                                **PLAINTIFF**

V.                                                                          **NO: 4:21-CV-120**

**CLARKSDALE PUBLIC**                                     **DEFENDANTS**
**UTILITIES COMMISSION;**
**GEORGE MILLER, SR.**
**(individual capacity); and,**
**DONALD MITCHELL**
**(individual capacity)**

## OPINION AND ORDER

Plaintiff Mark Johnson brings claims against Defendants Clarksdale Public Utility Authority (CPU), George Miller Sr., and Donald Mitchell under 42 U.S.C. § 1983 First Amendment retaliation and Mississippi state law. This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (ECF No. 61). The motion is fully briefed, and the Court has thoroughly reviewed the record and carefully considered the applicable law. This is the decision of the Court.

### Background

Mark Johnson began work for Clarksdale Public Utilities (CPU) as a general manager on June 19, 2017. (ECF No. 43, PageID.275). Mr. Johnson alleges that during his employment he observed many instances of inefficiency and incompetency by the CPU. Based on the various complaints filed with the Court, it appears that Mr. Johnson first went to the CPU Board to discuss his concerns. (ECF No. 43, PageID.276). After the Board's failure to address his concerns, Mr. Johnson went to various city officials including Mayor Chuck Espy, city attorney

1

Margarette Meeks, city commissioner Ken Murphy, and contacted members of the media. On July 11, 2018, Mayor Espy recommended that Mr. Johnson report a concern about recorded phone lines to the State Auditor. (ECF No. 43, PageID.277.).

The next day CPU suspended Mr. Johnson with pay and began investigating the matter. In late July or early August, Mr. Johnson did his concerns report to the State Auditor through its website. After another meeting with city officials in August and a second email to the State Auditor's office in September, Mr. Johnson was terminated by CPU on September 25, 2018. Mr. Johnson alleges that his termination was a result of his various reports critical of CPU.

## Legal Standards

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In a motion for a judgment on the pleadings "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst.*, Inc., 278 F.3d 417, 420 (5th Cir. 2001). Such a motion "is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). Moreover, in ruling on a motion for judgment on the pleadings, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Hughes*, 278 F.3d at 420 (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

In considering Rule 12(c) motions, the court relies on the same standard as that of a Rule 12(b)(6) motion. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. It is not necessary that a complaint contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must liberally construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

## Discussion

### 1. Remedy Exhaustion Requirements under the MWPA

Mr. Johnson brings a claim against CPU for retaliatory discharge under the Mississippi Whistleblower Protection Act. (MWPA). The Defendants argue that Mr. Johnson's claim fails because he has not alleged in his complaint that he has exhausted all remedies available to him. (ECF No. 62, PageID.354). This argument is without merit.

Under the MWPA, an employee is required to exhaust all remedies before filling suit. *See* Miss. Code Ann. §25-9-177. Mr. Johnson alleges that his termination hearing with the Board was the highest he could go internally, and the Defendants have not cited any evidence of a separate grievance or appeals process that CPU has available. (ECF No. 64, PageID.380-81). He further alleges that he filed an unemployment compensation claim with MDES. (*Id*. at 381).

3

The Mississippi Supreme Court states "[w]here no adequate administrative remedy is provided, the exhaustion doctrine is not applicable." *Petro Harvester Oil & Gas Co., LLC v. Baucum*, 323 So. 3d 1041,1046 (Miss. 2021) (citing *Donald v. Amoco Prod. Co.,* 735 So. 2d 161, 176 (Miss. 1999)).

Based on the evidence provided, Mr. Johnson has no adequate remedy available to exhaust. Therefore, the exhaustion doctrine does not apply, and it was not necessary to make such allegations in his complaint.

2. *MTCA Applicability*

The Defendants argue that Mr. Johnson's MWPA retaliation claim is barred under the Mississippi Tort Claims Act (MTCA) for failure to comply with the statute's notice requirement and under the statute of limitations. (ECF No. 62, PageID.358-59). Mr. Johnson responds that the MTCA is not applicable to his claim. (ECF No. 64, PageID.381-82). The Court addresses each argument in turn.

The Mississippi Supreme Court has made clear that the MTCA is applicable to certain state law claims brought in federal court. "[t]he MTCA provides the exclusive civil remedy against a governmental entity and its employees for acts or omissions which give rise to a suit. Any claim filed against a governmental entity and its employees must be brought under this statutory scheme." *Gilmore v. Fartheree,* No. 3:10-CV-00267-DPJ, 2011 WL 6026121, *7 (S.D. Miss. Dec. 2, 2011) (citing *Lang v. Bay St. Louis/Waveland Sch. District*., 764 So.2e 1234, 1236 (Miss.1999). In *Gilmore*, the plaintiff brought two state law claims, due process violation under the Mississippi Constitution and a common law negligence claim.

4

Here, Mr. Johnson brings a state law retaliation claim under the Mississippi Whistleblower Protection Act against CPU, which qualifies as a governmental entity. See *Ellis v. Clarksdale Pub. Utilities*, No. 4:20-CV-32-DMB-JMV, 2020 WL 6708309 (N.D. Miss. Nov. 13, 2020) ("There can be no dispute that Public Utilities is a "political subdivision" and is "entitled to the MTCA's protections and immunities." citing *Kelley, LLC v. Corinth Public Utilities Comm'n*, 200 So. 3d 1107, 1113 (Miss. Ct. App. 2016)). In *Ellis*, the Court held that the plaintiff's claims were dismissed for failure to comply with the notice requirement of the MTCA. "The Ellises were therefore required to provide notice to Public Utilities in accordance with the MTCA to the extent their claims are covered by the MTCA".

Mr. Johnson argues in opposition that the MTCA is inapplicable to claims for equitable relief since he is seeking reinstatement and the MWPA operates as a separate waiver of immunity for monetary claims. (ECF No. 64, PageID.381-82). These arguments are without merit. Mr. Johnson is seeking all available remedies, including front pay, compensatory damages, consequential damages and punitive damages – all of which qualify as monetary relief. He is also seeking reinstatement.

Mr. Johnson is also alleging retaliatory firing based upon on his statements made to the various city officials and the media. These claims sound in tort and are thus subject to the notice provision.

a. Notice Requirement

The MTCA sets out the requirements for a valid notice claim. Within 90 days a of exhausting administrative remedies, the claimant must file a notice of claim with the chief

executive officer of the entity before bringing any action. *Harris v. Mississippi Valley State Univ.,* 873 So. 2d 970 (Miss. 2004). *See* Miss. Code Ann. § 11–46–11.

Mr. Johnson argues that his MDES unemployment appeal after his termination hearing gave CPU notice of the claim and an opportunity to resolve it. (ECF No. 64, PageID.381). This is not enough to satisfy the substantial compliance standard. The purpose of the MTCA notice requirement "is to inform governmental boards, commissions, and agencies of claims against them." *Alexander v. Miss. Gaming Comm'n,* 735 So.2d 360, 362 (Miss.1999). "[T]he statute clearly contemplates two steps: first, an aggrieved person must exhaust agency remedies, and second, notice of an impending lawsuit shall be given before filing suit." *Harris v. Mississippi Valley State Univ.,* 873 So. 2d 970,989-90 (Miss. 2004). To substantially comply, the relief or remedies given must state or imply that a lawsuit would be filed. If Mr. Johnson did in fact exhaust all remedies available to him, he still had to file a separate notice of a pending lawsuit to put CPU on notice. The Mississippi Supreme Court has defined the notice requirement as a "hard-edged, mandatory rule that the Court strictly enforces." *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So.2d 815,820 (Miss. 2006). Mr. Johnson has not submitted any evidence that the requirements have been met. Therefore, the MPWA retaliation claim is dismissed based on failure to comply with the notice requirement of MTCA.

b. Statute of Limitations

The Defendants also argue that Mr. Johnson's MWPA claim is time-barred by MTCA's statute of limitations. (ECF No. 62, PageID.358-59). Under Mississippi law, actions under the MTCA must be commenced within one year of "the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." Miss. Code Ann. § 11–46–11(3)(a). "The MTCA's one-year statute of limitations begins to run when the

claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, and the act or omission which proximately caused it." *Caves v. Yarbrough,* 991 So.2d 142, 155 (Miss.2008) Further, if a claim is filled within the required one-year period, it will toll the statute of limitations ninety-five days (95) from the receipt of notice by the chief executive officer or designated official. *See* Miss. Code Ann §11-46-11(3)

Here, Mr. Johnson knew of the injury – his termination -- on September 25, 2018. Under the MTCA, his suit should have been brought on or before September 25, 2019. Since the notice requirement was not met, the tolling period is not applicable. Mr. Johnson filed his claim against CPU on September 22, 2021. His claim is time barred as pled.

1. *First Amendment Retaliation*

Mr. Johnson alleges a retaliation violation by the Defendants under the First Amendment to the U.S. Constitution, 42 U.S.C. § 1983. (ECF No. 43, PageID.279). The Defendants argue that this claim is ultimately time barred as pled. (ECF No. 62, PageID.360).

"Courts considering claims under 1983 must borrow the relevant state's statute of limitations for personal injury actions." *Stringer v. Town of Jonesboro*, 986 F.3d 502 (5th Cir. 2021) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)). Under Mississippi's statute of limitations, the claim must be brought within three years. *See* Miss. Code Ann. § 15-1-49. Federal law governs when a § 1983 claim accrues. *Id. See Redburn*, 898 F.3d at 496. "The limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id. See Redburn*, 898 F.3d at 496.

7

Mr. Johnson states that the adverse action challenged in his current complaint is the termination that occurred on September 25, 2018. Mr. Johnson was required to bring this claim or before September 25, 2021. His first complaint was filed on September 22, 2021. He filed within the deadline, alleging only a MWPA claim. His second amended complaint, where he first raised the First Amendment claim, was filed April 12, 2022. Therefore, the First Amendment Retaliation claim is time barred as pled.

2. *Breach of Contract*

Secondly, Mr. Johnson alleges that CPU breached their alleged contract with him by failing to establish good cause for his termination. (ECF No. 43, PageID.280). The statute of limitations in Mississippi for breach of contract is also three years. Miss. Code Ann.§15-1-49. The Mississippi Supreme Court has held that "in the case of a breach of contract, the cause of action accrues at the time of the breach, regardless of the time when the damages from the breach occurred [.]" *Wallace v. Greenville Pub. Sch. Dist.,* 142 So. 3d 1104 (Miss. Ct. App. 2014) (citing *Johnson v. Crisler,* 156 Miss. 266, 125 So. 724, 724–25 (1930)). Mr. Johnson was required to bring the breach of contract claim or before September 25, 2021, because he was terminated September 25, 2018. His second amended complaint was filed April 12, 2022. Therefore, the breach of contract claim is also time barred as pled.

Nevertheless, though his claims were facially time-barred, Mr. Johnson argues that the claims should be allowed under the relation back doctrine.

3. *FRCP 15(c) Relation Back Doctrine*

According to Federal Rule of Civil Procedure 15(c), the claims must successfully relate back to the original pleading, which was filed on September 22, 2021. "An amendment to a

8

pleading relates back to the date of the original pleading when ... [it] asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading..." Fed.R.Civ.P. 15(c)(1)(B). Relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix,* 545 U.S. 644, 659 (2005).

To determine whether an amendment relates back, one must determine whether the opposing party was put on notice regarding the claim raised [by the amendment]. *See Holmes v. Greyhound Lines, Inc.,* 757 F.2d 1563, 1566 (5th Cir.1985) (quoting *Woods Exploration & Producing Co. v. Aluminum Co. of Am.,* 438 F.2d 1286, 1299 (5th Cir.1971)). [T]he inquiry turns on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint."

The following amendments to a pleading satisfy the doctrine: (1) correcting technical deficiencies in a pleading; (2) expanding facts alleged in the original pleading; and (3) a complaint presenting a new legal theory based on the same operative facts. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102 (5th Cir. 1995); *See also F.D.I.C. v. Bennett,* 898 F.2d 477, 477, 479 (5th Cir.1990).

However, "when new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Id.; see also F.D.I.C. v. Conner,* 20 F.3d 1376, 1385 (5th Cir.1994) ("If a plaintiff attempts to interject entirely different transactions or occurrences into a case, then relation back is not allowed.")

9

The Defendants allege that the relation back doctrine does not apply to either claim because Mr. Johnson asserts new facts that are not alleged in the original pleading. (ECF No. 62, PageID.360). Mr. Johnson responds in opposition that each newly asserted claim does relate back. (ECF No. 64, PageID. 374).

First, the Court discusses the First Amendment retaliation claim. For the relation back doctrine to apply, the Defendants must have been put on notice by facts raised in the original pleading that a § 1983 First Amendment retaliation claim could be brought.

In order to prevail on a cause of action under § 1983 for an employee's First Amendment retaliation claim, the plaintiff must show (1) an adverse employment action; (2) as a result of speech involving a matter of public concern; (3) that his interest in commenting on the matter of public concern outweighed the defendant's interest in promoting efficiency; and (4) that the adverse action was motivated by the protected speech. *See Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216 (5th Cir. 1999).

First, there must been an adverse employment action. The adverse employment action raised in the original complaint is the termination of Mr. Johnson on September 25, 2018. Next, the Court must determine whether he made these communications as a private citizen or employee. "To be speaking on a matter of public concern, the employee must speak in his capacity as citizen, not employee." *Gibson v. Kilpatrick*, 838 F.3d 476 (5th Cir. 2016). The Fifth Circuit states [i]f "a public employee takes his job concerns to persons outside the workplace in addition to raising them up the chain of command at his workplace, then those external communications are ordinarily not made as an employee, but as a citizen." *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008). Mr. Johnson did speak of CPU's alleged misconduct as a citizen. In the original complaint, Mr. Johnson reported CPU's misconduct allegations to the

CPU Board and individuals outside of the workplace including his reports to the State Auditor and Attorney General. (ECF No. 1, PageID.2.).

However, Mr. Johnson must show that the facts also raise a matter of public concern. Speech involves matters of public concern 'when it can "be fairly considered as relating to any matter of political, social, or other concern to the community" or when it "is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Snyder v. Phelps*, 562 U.S. 443, 453 (2011).

Mr. Johnson alleges that all his facts for this claim in the Second Amended complaint expand on existing facts. This is incorrect.

The original complaint filed alleges that Mr. Johnson reported CPU's conduct to the appropriate individuals of the City of Clarksdale, which included the State Auditor and the Attorney General and others. (ECF No. 1, PageID.2.).

In comparison, the Second Amended complaint includes the newly asserted First Amendment retaliation claim, citing more detailed facts about the individuals Mr. Johnson did in fact report to, including Mayor Chuck Espy, City Attorney Margarette Meeks, and City Commissioner Ken Murphy and the State Auditor. (ECF No. 43, PageID.276) It also included new facts about contact with the media, including names of specific individuals and news outlets. (*Id*). Mr. Johnson relies on his reports to the media, or in alternative the reports to State Auditor to assert that his speech was a matter of public concern and is protected by the First Amendment.

Under applicable law, the original complaint could not put the Defendants on notice of the First Amendment retaliation claim. The amendments will not relate back if new or distinct conduct, transactions, or occurrences are asserted as the basis for relief. *Holmes v. Greyhound*

11

*Lines, Inc.,* 757 F.2d 1563, 1566 (5th Cir.1985). The media reports fall into the category of *new or distinct conduct*. Mr. Johnson is attempting to use new facts to allege his statements were "a subject of legitimate news interest," qualifying as a matter of public concern. These facts should have been included in the first complaint. The amendments must be based on the common core of operative facts from the original pleading, which are that Mr. Johnson reported to various city officials regarding CPU's conduct which allegedly led to his termination.

Finally, the facts alleged in Mr. Johnson's original pleading assert a claim solely under the MWPA. The Second Amended complaint alleges new facts, and new claims that are not based on the original pleading's facts. Therefore, the §1983 First Amendment retaliation claim does not relate back to the original pleading and is barred by the statute of limitations.

Next, the Court considers the breach of contract claim. The elements of a breach of contract are: (1) the existence of a valid and binding contract; (2) that the defendant has breached it. *See Maness v. K & A Enterprises of Mississippi*, LLC, 250 So. 3d 402 (Miss. 2018).

The facts alleged in the original pleading do not form a cause of action for breach of contract. It does not allege any facts that Mr. Johnson and CPU had a valid and binding contract that CPU breached. (ECF No. 1, PageID.2.). The Second Amended complaint alleges new, distinct facts, including that his employment offer letter was a valid contract and CPU breached by terminating him with failure to establish good cause. (ECF No. 43, PageID.280). Mr. Johnson could not bring this claim under the original pleading. The breach of contract claim does not relate back to the original pleading and is barred by the statute of limitations.

## Conclusion

For these reasons, the Defendants are entitled to judgment on the pleadings in their favor, and Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of March, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**